IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHELLE WILLIAMS,

        Plaintiff,

   v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

        Defendant.

Case No. 2:08-cv-128
Judge Sargus
Magistrate Judge Kemp

## OPINION AND ORDER

This matter is presently before the Court on Plaintiff's Motion for Attorney's Fees. (Doc. 35.). For the reasons that follow, Plaintiff's motion is **GRANTED**.

### I.

Plaintiff Michelle Williams filed this action pursuant to the Employee Retirement Income Security Act of 1974, 28 U.S.C. § 1001 *et eq.* ("ERISA"), claiming that she was improperly denied long-term disability benefits by her employer's insurance plan, which is administered by Defendant Hartford Life and Accident Insurance Company. The Parties filed cross-motions for judgment on the administrative record, and, in an Opinion issued on September 25, 2009, the Court granted Plaintiff's motion. (Doc. 32.) In its Opinion, the Court held that Defendant's decision to deny Plaintiff long-term disability benefits under her employer's plan was arbitrary and capricious. In so holding, the Court noted that Defendant had based its decision on the reports of three consulting physicians, who were retained by Defendant and employed by the

same company, and who made their recommendations solely upon a review of Plaintiff's medical records without conducting a physical examination of her. (*See* Doc. 32.) Pursuant to the terms of the plan, Defendant had the right to conduct examinations of claimants, but in Plaintiff's case, did not exercise that option. (*See* Doc. 32.) Moreover, in reaching its decision, Defendant did not address the substantial medical evidence of Plaintiff's limitations submitted by her treating physicians, who had frequently examined her. (*See* Doc. 32.) The Court further held that the record clearly established that Plaintiff was entitled to long-term benefits per the terms of the plan, and entered judgment in her favor. (Doc. 32 at 24.) As noted in its Opinion, the Court questions the integrity of the decisional process employed by Defendant in Plaintiff's case. (Doc. 32 at 23-24.)

Defendant filed notice of its intention to appeal the Court's decision, but the appeal was subsequently terminated by stipulation of the Parties. (Docs. 36 & 44.) Prior to Defendant's filing of its notice of appeal, Plaintiff filed motions to alter or amend the Court's judgment and for attorney's fees. (Doc. 34 & 35.) By Order issued November 30, 2008, the Court denied, without prejudice, Plaintiff's Motion to Alter or Amend Judgment because of the pending appeal. (Doc. 43.) The Court now considers Plaintiff's Motion for Attorney's Fees.

**II.**

ERISA grants the Court discretion to award reasonable attorney's fees to either party. 29 U.S.C. § 1132(g)(1). Here, Plaintiff requests fees in the amount of $14,730, and leave to file a supplemental application for fees at the end of this litigation. The Sixth Circuit does not recognize a presumption that fees will be awarded to a prevailing Plaintiff, *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 529 (6th Cir. 2008), and employs the following five-factor test in evaluating whether an award of fees is appropriate:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Moon v. Unum Provident Corp.*, 461 F.3d 639, 642 (6th cir. 2006)(per curiam). None of the five factors standing alone is determinative, and the Court must consider each in deciding whether to award fees. *Id.* at 642-43.

Plaintiff concedes that the fourth factor does not weigh in her favor as she filed this case for her own benefit and the case did not resolve significant legal issues surrounding ERISA. Conversely, Defendant concedes that it is able to satisfy an award of attorney's fees, and the Court so finds. Thus the second factor weighs in favor of an award of fees. Additionally, Defendant does not contest the amount of fees requested by Plaintiff.

Turning to the first factor, the Court finds that, to a certain degree, Defendant acted in bad faith and with culpable conduct in denying Plaintiff's claims. Thus, this factor weighs in favor of an award of attorney's fees. In its decision granting Plaintiff judgment on the administrative record, the Court concluded that Defendant acted arbitrarily and capriciously in relying solely on the reports of physicians it had hired and who never had examined Plaintiff, and in failing to address or consider evidence provided by Plaintiff's own physicians. As Defendant points out, a finding of arbitrary and capricious action does not necessarily equate to a finding of bad faith. *See id.* at 643. However, the facts of this case are substantially similar to those in *Moon*, where the Sixth Circuit determined that the defendant insurance company had acted in bad faith. In *Moon*, the insurance company denied benefits based solely on the opinion of a physician, employed by the company, who never examined the claimant and who ignored substantial

evidence in the record. *Id.* at 643-44. It is true that, in the instant case, Defendant used three physicians who were not employed by it. However, the Court notes that the three physicians were employed by the same entity and were hired by Defendant.

The Court also concludes that the third factor weighs at least slightly in Plaintiff's favor as an award of fees would have at least some deterrent effect on the administrators of other disability plans. The Court again looks to the Sixth Circuit's decision in *Moon*, wherein the panel concluded that a decision in an earlier phase of the case "articulated important principles that all plan administrators should heed" and thus had deterrent value. *Id.* at 645. Among these principles were that administrators should ensure that opinions relied upon to make decisions are based on "a thorough review of the administrative record" and that, "under certain circumstances, the opining physician's opinion should be based upon an actual examination of the claimant." *Id.* Given the similarities between the instant case and *Moon*, the Court finds that an award of fees in this case will deter other plan administrators from denying claims without considering all the available evidence.

Finally, as to the fifth factor, the Court finds that Plaintiff's position in this litigation was substantially more meritorious than Defendant's position. In this regard, the Court concluded that the administrative record so clearly established that Plaintiff was disabled within the terms of the plan, that it decided to enter judgment in her favor and order Defendant to provide her the required benefits rather than merely remanding the case to Defendant for further consideration. Thus, the fifth factor weighs in favor of Plaintiff and supports the award of fees in this case.

As four of the five factors weigh in Plaintiff's favor, the Court finds that an award of attorneys fees to Plaintiff is appropriate in this case.

## IV.

For the above reasons, Plaintiff's Motion (Doc. 35) is **GRANTED**. The Court awards attorneys fees in the amount of $14,730 to Plaintiff and grants her leave to file a supplemental motion for attorneys fees.

**IT IS SO ORDERED.**

8-27-2010
**DATED**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**